72 A.3d 567

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Michael Francis GERACE.

Misc. Docket AG No. 28, Sept. Term, 2012.

Court of Appeals of Maryland.

Aug. 19, 2013.

James N. Gaither, Assistant Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for Petitioner.

No Argument on behalf of Respondent.

Argued before BARBERA, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, McDONALD and BELL,* JJ.

* Bell, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

BARBERA, C.J.

Respondent, Michael Francis Gerace, has been a member of the Bar of this Court since November 19, 1980. Petitioner, the Attorney Grievance Commission of Maryland, acting through Bar Counsel ("Commission" or "Bar Counsel"), filed with this Court a Petition for Disciplinary or Remedial Action ("Petition") against Respondent on July 2, 2012. *See* Md. Rule 16–751(a). The Petition alleged numerous violations of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") in connection with (1) Respondent's representation of Colin Schafer, Esq. in a landlord-tenant dispute and (2) Respondent's continued practice of law following this Court's issuance of a decertification order for his having failed to pay his annual Client Protection Fund assessment. In particular, the Petition alleged that Respondent engaged in professional misconduct by violating the following Rules: MLRPC 1.1 (competence)[1]; 1.3 (diligence)[2]; 1.5(b) (fees)[3]; 1.16(d) (termination of representation)[4]; 5.5(a) and (b) (unauthorized prac-

---

1. MLRPC 1.1 provides: "**Competence.** A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

2. MLRPC 1.3 provides: "**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client."

3. MLRPC 1.5(b) provides:

   The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

4. MLRPC 1.16(d) provides:

   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may

tice of law) [5]; 8.1(b) (bar admission and disciplinary matters) [6]; and 8.4(a), (b), (c), and (d) (misconduct).[7]

On July 17, 2012, we designated the Honorable Michele D. Jaklitsch of the Circuit Court for Anne Arundel County to conduct an evidentiary hearing and file written findings of fact and conclusions of law in this matter. *See* Md. Rules 16–752(a) and 16–757(c). Respondent was served with process, but did not file an Answer to the Petition, timely or otherwise. As a result, on October 22, 2012, the hearing judge entered a default order, *see* Md. Rule 16–754(c), and the matter was set

---

retain papers relating to the client to the extent permitted by other law.

5. MLRPC 5.5 provides, in relevant part:
   (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
   (b) A lawyer who is not admitted to practice in this jurisdiction shall not:
   (1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practice of law; or
   (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction. . . .

6. MLRPC 8.1 provides, in relevant part:
   An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   
   *　　*　　*
   
   (b) . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

7. MLRPC 8.4 provides, in relevant part:
   It is professional misconduct for a lawyer to:
   (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
   (d) engage in conduct that is prejudicial to the administration of justice; . . . .

for a hearing on December 10, 2012. Respondent, though notified of the order of default, neither moved to vacate the order nor appeared at the hearing. The hearing judge received evidence from the Commission, acting through Bar Counsel, and concluded that Respondent had violated MLRPC 1.1, 1.3, 1.5(b), 1.16(d), 5.5(a) and (b), 8.1(b), and 8.4(a), (b), (c), and (d). Accepting Judge Jaklitsch's findings of fact and agreeing with her conclusions of law, on June 25, 2013, we entered a per curiam order disbarring Respondent. We explain in this opinion the reasons for Respondent's disbarment.

## I.  Hearing Judge's Findings and Conclusions

Because Respondent failed to file an Answer to the Commission's Petition for Disciplinary or Remedial Action, the hearing judge treated the averments in the Petition as admitted. *See* Md. Rule 2–323(e). Upon clear and convincing evidence, *see* Md. Rule 16–757(b), the hearing judge set forth the following findings of fact: [8]

A.  The Schafer Complaint

Colin Schafer, Esquire, filed a complaint with the Office of Bar Counsel against Respondent concerning the conduct that Mr. Schafer believed to be in violation of the Maryland Lawyers' Rules of Professional Conduct. Mr. Schafer is an attorney licensed to practice law in the District of Columbia, New York, and Pennsylvania.

Beginning [i]n or about October 2009, the Schafer family began experiencing problems with a well at the family's [rented] home, located [in Annapolis, Maryland] (hereinafter "the home"). The well failed, and as a result, polluted water entered into the home, ultimately forcing the Schafer family to move from the home. Despite these events, the landlord of the home refused to refund a security deposit. As a result, Mr. Schafer filed suit against the landlord in the District Court for Anne Arundel County, Maryland. (*Colin Schafer, et al. v. Patrick Argentiere,* Case No. 0702–0003231–2010) (hereinafter "the Schafer case").

---

**8.**  References to the record have been omitted throughout.

In April of 2010, the Schafers retained Respondent to represent them in their case and agreed to a fixed fee of $500.00 for the representation. Throughout the representation of the Schafers, Respondent failed to communicate timely and adequately with Mr. Schafer concerning the basis and rate of the fee Respondent charged the [Schafers]. Despite a written and executed fee arrangement of $500.00 for the representation, and following commencement of the representation and payment of the $500.00, Respondent attempted to alter the fee arrangement by stating on several occasions that it was within his discretion to change the fee arrangement to an hourly rate.

On November 30, 2010, and as a result of several disagreements that arose concerning Respondent's handling of the case, the Schafers terminated [their representation by] Respondent. Upon termination of the representation, Respondent failed to take the necessary steps to protect his client's interests. Despite Mr. Schafer's repeated requests, Respondent refused to file a motion to withdraw from the Schafer case. Respondent also failed to return the case file, which included original documents that Mr. Schafer previously provided to Respondent. Respondent has never returned these documents.

Respondent also failed to refund fees, paid in advance by the Schafers, which were not earned. At or shortly following the termination, Respondent and Mr. Schafer agreed to a $475.00 refund out of the $500.00 fee. The $475.00 represented fees that Mr. Schafer paid in advance that were not earned. Despite this agreement, and notwithstanding Mr. Schafer's numerous requests for this refund, Respondent failed to refund the $475.00. Respondent failed to return Mr. Schafer's phone calls and emails, or otherwise made himself unavailable. As a result, Respondent not only put the Schafer's then-pending case at risk, but subjected the Schafer family to unnecessary stress and concern.

B.   Unauthorized Practice of Law and Failing to Respond to Bar Counsel

On April 7, 2010, the Court of Appeals of Maryland issued an Order decertifying Respondent for failing to pay annual [Client Protection Fund] assessments. This Order prohibited Respondent from the further practice of law.

On May 17, 2011, the Office of Bar Counsel requested that Respondent provide a response to Mr. Schafer's complaint, but Respondent failed to provide a response. Bar Counsel again requested a response on June 14, 2011; September 22, 2011; October 15, 2011; November 15, 2011; November 28, 2011; and November 30, 2011. After unsuccessful attempts were made, Bar Counsel assigned an investigator, Mr. Edwin P. Karr, to locate the Respondent.

Mr. Karr experienced significant difficulties and delays in locating Respondent. Mr. Karr visited several addresses, including addresses previously provided by the Client Protection Fund.[9] He contacted the Anne Arundel County Sheriff's Office, and otherwise exhausted all leads concerning Respondent's whereabouts, all to no avail. Thereafter, Bar Counsel, by way of a Maryland Judiciary Case Search, obtained information suggesting Respondent was employed with the Law Offices of Murphy & Price, LLP, and instructed Mr. Karr to contact Respondent at the law firm's address.

On November 15, 2011, Mr. Karr visited the law firm and met with Respondent. In an effort to conceal the grievance and his decertified status [from his employer], Respondent escorted Mr. Karr outside to continue the conversation. Respondent informed Mr. Karr that he had been working with the law firm for approximately six months and that the firm did not have any knowledge of the grievance against him. Respondent told Mr. Karr that he was aware of his decertified status, that he had not paid his bar dues,[10] and

---

**9.** Maryland Rule 16–811 e.3. requires each lawyer admitted to practice in Maryland "to give written notice to the trustees [of the Client Protection Fund] of every change in the lawyer's resident address, business address, or telephone numbers within 30 days of the change."

**10.** By "bar dues" the hearing judge was referring to the annual assessment issued by the Client Protection Fund. Maryland Rule 16–811 e.2.

that the firm did not have any knowledge of his decertification. Respondent did not provide Mr. Karr with a response to Mr. Schafer's complaint, but instead scheduled a time for an interview at Bar Counsel's office. Respondent later cancelled this interview and rescheduled it for November 30, 2011. Respondent thereafter cancelled this interview. To date, Respondent has never provided a response to Bar Counsel concerning the original complaint.

Respondent, in all respects, held himself out to the public as an attorney licensed to practice law. Respondent provided Mr. Karr with a business card that referenced Respondent as an attorney. Respondent's name is included on the law firm's exterior window signed as "Michael F. Gerace, Esq." Respondent's name, at all times relevant, is identified on the law firm's website as "Of Counsel, licensed in MD and CA." Up and until Bar Counsel notified the law firm that Respondent had been decertified, Respondent represented himself as an attorney to the members of the law firm. Respondent also held himself out as a licensed attorney to the Schafers, as the representation of the Schafers commenced on or around the same date as the Decertification Order of the Court of Appeals.

Respondent knowingly engaged in an unauthorized practice of law in Maryland when he represented the Schafers in their suit against the landlord. Additionally, Respondent was decertified during his entire tenure with the Murphy & Price law firm. Since December 2010, Respondent assisted the law firm in approximately eight matters, some of which involved his appearance as counsel of record before Maryland District and Circuit Courts. Respondent also represented his own clients while employed with the law firm.

requires that "each lawyer admitted to practice before the Court of Appeals ... shall, as a condition precedent to the practice of law (as from time to time defined in Code, Business Occupations and Professions Article) in this State, pay annually to the treasurer of the [Client Protection] Fund the sum, including all applicable late charges, the Court may fix."

Based upon those findings, Judge Jaklitsch concluded, as follows, that Respondent violated MLRPC 1.1 (competence); 1.3 (diligence); 1.5(b) (fees); 1.16(d) (termination of representation); 5.5(a) and (b) (unauthorized practice of law); 8.1(b) (bar admission and disciplinary matters); and 8.4(a), (b), (c), and (d) (misconduct):

A.   Rule 1.1 Competence [and] Rule 1.3 Diligence

In its [Petition, the Commission] charged Respondent with violating Rule 1.1 and Rule 1.3 of the Maryland Lawyers' Rules of Professional Conduct (hereinafter "MLRPC"). Rule 1.1 states that a lawyer shall provide competent representation to a client. This rule requires competent representation, including legal knowledge, skill, thoroughness and reasonable preparation, be rendered to a client. *Attorney Grievance Comm'n v. Awuah*, 374 Md. 505, 522, 823 A.2d 651, 661 (2003). Rule 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client.

Unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client. *See* Rule 1.3, Comment [4]. Following the notice of discharge, Respondent had an obligation to withdraw from the representation and to take reasonable measures to protect his client's interests. *Compare with Attorney Grievance Comm'n v. Robertson*, 400 Md. 618, 638, 929 A.2d 576, 588 (2007) ("While the failure to withdraw from a client matter, as required, and to inform the client that the lawyer has been suspended is a violation of some of the Rules of Professional Conduct, it simply does not address, and is not dispositive of, a lawyer's competence to handle a particular matter.").

Respondent violated Rule 1.1 by failing to file a motion to withdraw his appearance from the Schafer case, failing to communicate with Mr. Schafer, and failing to return original documents to Mr. Schafer. Respondent also violated Rule 1.3 by completely failing to carry out the representation upon notice of termination. Instead of concluding the representation in a proper manner, Respondent abandoned the

representation, leaving his clients in a state of uncertainty. Respondent lacked the requisite thoroughness and preparedness to complete the representation, and failed to complete the representation at all, much less in a diligent fashion, as required under the MLRPC. Respondent never withdrew from the representation and further exacerbated this conduct by ultimately discontinuing contact with his client. Therefore, Respondent violated Rules 1.1 and 1.3.

B.  Rule 1.5 Fees

[The Commission] charged Respondent with violating Rule 1.5(b) when Respondent unilaterally altered the method of charging Mr. Schafer for legal fees. Rule 1.5(b) provides that the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

It is inappropriate for an attorney to unilaterally increase a fee after an understanding with respect to the fee has been reached with the client. *Head v. Head,* 66 Md.App. 655, 674, 505 A.2d 868, 877 (1986) (interpreting *Attorney Grievance Comm'n v. Kerpelman,* 292 Md. 228, 438 A.2d 501 (1981)). Despite an agreement of a $500.00 fixed fee for the representation, Respondent subsequently informed Mr. Schafer that he would be changing the fee to hourly. Perhaps more egregious is Respondent's statement to Mr. Schafer that it was within Respondent's discretion to change the fee at any time. Respondent's intent could only be to secure a larger fee than had been originally secured. Respondent's actions therefore violate Rule 1.5(b).

C.  Rule 1.16(d) Declining or Terminating Representation

Respondent violated Rule 1.16(d) by failing to move to withdraw his appearance, failing to return the client file, and failing to refund fees, paid in advance, that Respondent did not earn. Rule 1.16(d) provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for

employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The record is clear that Respondent not only failed to return the client file and unearned fees, but Respondent wholly failed to conclude the representation. Respondent discontinued communication with Mr. Schafer and left his clients to fend for themselves in the midst of litigation. Such conduct represents a violation of Rule 1.16(d).

D.  Rule 5.5(a) and (b) Unauthorized Practice of Law

The flagship violation of [the Commission]'s case centers around its charge that Respondent knowingly engaged in the unauthorized practice of law, established a systematic and continuous presence in Maryland for the practice of law, and held himself out to the public as admitted to practice law in Maryland. In [the Petition], Respondent is charged with violating Rule 5.5(a) and (b) of the MLRPC.

Rule 5.5(a) states that a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so. The Maryland Court of Appeals issued an Order, dated April 7, 2010, that decertified Respondent for failing to pay annual assessments.[11] This Order prohibited Respondent from the further practice of law in the State of Maryland. [The Commission] demonstrated, by clear and convincing evidence, that Respondent practiced law despite this decertification Order. Respondent represented the Schafers in their case against their landlord, a representation that commenced the same month of the decertification Order. J. Dennis Murphy, Esquire, of the Law Offices of Murphy & Price, LLP, stated that beginning in or around December of 2010, Respondent assisted the firm in several cases, entered his appearance as counsel of record in Maryland Courts,

---

**11.** The Court of Appeals may temporarily suspend, from the practice of law in this State, an attorney who fails to pay the annual Client Protection Fund assessment. *See* Md. Rule 16–811 f.4.

and represented his own clients. Respondent admitted to Mr. Karr that he had practiced law while knowing that the Court of Appeals had decertified him. Respondent's actions were intentional and in disregard of the MLRPC and the April 7, 2010, Court of Appeals Order and therefore, violated Rule 5.5(a).

Rule 5.5(b) provides that a lawyer who is not admitted to practice in this jurisdiction shall not (1) establish an office or other systematic and continuous presence in this jurisdiction for the practice of law or (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction. [The Commission also] demonstrated, by clear and convincing evidence, that Respondent violated Rule 5.5(b). Respondent practiced law with the Law Offices of Murphy & Price, LLP, while decertified, for approximately one year. Respondent represented himself as a licensed attorney to the Schafers and failed to inform the Schafers of his decertified status upon learning of the same. Respondent provided Mr. Karr with a business card that referenced Respondent as an attorney. Respondent's name is included on the exterior of the law firm's exterior window as "Michael F. Gerace, Esq." Respondent's name, at all times relevant, is identified on the law firm's website as "Of Counsel, licensed in MD and CA." Lastly, Respondent represented himself as an attorney to the members of the law firm. Therefore, Respondent established a systematic presence in Maryland and held himself out to the public as a licensed attorney, all while decertified and unauthorized to practice law in Maryland, in violation of Rule 5.5(b).

E.   Rule 8.1 Bar Admission and Disciplinary Matters

MLRPC 8.1(b) provides that a knowing failure to respond to a lawful demand for information from a disciplinary authority is a violation of the MLRPC. *Attorney Grievance Comm'n v. Alston,* 428 Md. 650, 675, 53 A.3d 1142, 1157 (2012). The Court of Appeals has consistently held that repeated failures to respond to Bar Counsel's investigative requests can be violative of Rule 8.1. *See, e.g., Attorney Grievance Comm'n v. Nelson,* 425 Md. 344, 362, 40 A.3d

1039, 1049 (2012). In the case *sub judice,* Respondent's failure to respond to letters sent from the Office of Bar Counsel and his refusal to be interviewed by an investigator for the Attorney Grievance Commission violated Rule 8.1(b).

F. Rule 8.4 Misconduct

i. 8.4(a)

[The Commission] charged Respondent with violating 8.4(a), (b), (c), and (d) of the MLRPC. Rule 8.4(a) is violated when other Rules of Professional Conduct are breached. *Nelson,* 425 Md. at 363, 40 A.3d at 1050. As noted above, Respondent violated Rules 1.1, 1.3, 1.5(b), 5.5(a) and (b), and 8.1(b). Therefore, Respondent also violated Rule 8.4(a).

ii. 8.4(b)

Rule 8.4(b) states that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects. Business Occupations and Professions Article § 10–601 and § 10–602 prohibit the unauthorized practice of law in Maryland. *Attorney Grievance Comm'n v. Tanko,* 427 Md. 15, 46–47, 45 A.3d 281, 300 (2012). Further, § 10–606(a)(3) of that Article provides that a person who violates § 10–601 is guilty of a misdemeanor and subject to a fine not exceeding $5,000, imprisonment not exceeding one year, or both. *Id.* at 46, 45 A.3d at 300. Section 10–606(c) in turn provides that any other violation of the subtitle, except as provided in subsections (a) and (b), is a misdemeanor and subject to a maximum $1,000 fine, one year imprisonment, or both. *Id.*

An actual conviction is not required to establish that an attorney violated MLRPC 8.4(b), so long as the underlying conduct that constitutes the crime is proven by clear and convincing evidence. *Tanko,* 427 Md. at 47, 45 A.3d at 300 (citing *Attorney Grievance Comm'n v. Jarosinski,* 411 Md. 432, 454, 983 A.2d 477, 490 (2009)). A finding that Respondent violated MLRPC 5.5 supports the conclusion, by clear and convincing evidence, that Respondent also violated the

unauthorized practice provisions of the Business Occupations and Professions Article. *Tanko*, 427 Md. at 47 [45 A.3d 281]. ("Because unauthorized practice of law is unquestionably a 'criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects,' there is clear and convincing evidence that Respondent violated MRPC 8.4(b)."). Therefore, by virtue of Respondent's violation of Rule 5.5, Respondent also violated Rule 8.4(b) of the MLRPC.

iii. 8.4(c)

Rule 8.4(c) prohibits an attorney from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." *Tanko*, 427 Md. at 48, 45 A.3d at 301. For purposes of MLRPC 8.4(c) the Maryland Court of Appeals has made the distinction between (1) pure acts (as opposed to words), which generally are not inherently fraudulent or deceitful, and (2) knowingly making a false statement, which is inherently dishonest. *Tanko*, 427 Md. at 48, 45 A.3d at 301 (citing and quoting *Attorney Grievance Comm'n v. Siskind*, 401 Md. 41, 70, 930 A.2d 328, 345 (2007)). "In the former case, specific intent is typically necessary to be proven to demonstrate that the conduct in question was fraudulent in fact. On the other hand, words spoken by an attorney who knows they were untrue involves an inherent intent to deceive." *Siskind*, 401 Md. at 70, 930 A.2d at 345.

In this case, Respondent engaged in the unauthorized practice of law, with knowledge that the Court of Appeals decertified him for failing to pay his annual assessments. His conduct in this regard was fraudulent. Respondent misrepresented to clients, to Maryland Courts, and to members of his law firm, that he was authorized to practice law in Maryland when he was not. Therefore, Respondent violated Rule 8.4(c). *Cf. Tanko*, 427 Md. at 49 (finding that the attorney did not violate Rule 8.4(c) because he acted without the intent to deceive and with an honest (though unfounded) belief that he was authorized to practice).

Additionally, Respondent attempted, rather successfully, to conceal his decertified status from his law firm for a

period of nearly one year. "[D]eceit can be based not only on overt misrepresentation but on concealment of material facts." *Attorney Grievance Comm'n v. Bleecker*, 414 Md. 147, 169, 994 A.2d 928, 941 (2010) (quoting *Attorney Grievance Comm'n v. Floyd*, 400 Md. 236, 252, 929 A.2d 61, 70 (2007)). Such conduct not only implicated him under the MLRPC, but put his law firm at risk for possible violations of enabling a decertified attorney to practice law. Ultimately, Respondent's conduct in engaging in the unauthorized practice of law, establishing a systematic and continuous presence in Maryland for the practice of law, and holding himself out to the public as admitted to practice law in Maryland, knowing that he was prohibited from doing so, is fraught with deceit, misrepresentation, and dishonesty and therefore, violates Rule 8.4(c).

iv. 8.4(d)

Lastly, Respondent is charged with violating Rule 8.4(d) of the MLRPC. Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice. *Tanko*, 427 Md. at 49–50, 45 A.3d at 302. "It is axiomatic when it is discovered and made public that a person who represents by word and deed that he can practice law when in fact he is under the disability of a . . . suspension erodes the public's confidence in the practice of law." *Tanko, id.* (quoting *Attorney Grievance Comm'n v. Maignan*, 423 Md. 191, 204–05, 31 A.3d 467, 475 (2011) (finding that the respondent attorney who was indefinitely suspended yet continued to provide legal services to a client violated MLRPC 8.4(d), in addition to MLRPC 8.4(a) through (c))); *see also Attorney Grievance Comm'n v. Shryock*, 408 Md. 105, 109, 125, 968 A.2d 593, 596, 604–05 (2009) (violations of Rules 8.4(b) and (c) generally constitute a violation of Rule 8.4(d), in that the conduct that supports a violation of Rules 8.4(b) and (c) amounts to conduct prejudicial to the administration of justice). Therefore, by virtue of Respondent's conduct concerning violations of Rule 5.5 and 8.4(b) and (c), Respondent also violated Rule 8.4(d).

## II. Standard of Review

"In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Page,* 430 Md. 602, 626, 62 A.3d 163 (2013) (citing *Attorney Grievance Comm'n v. Jarosinski,* 411 Md. 432, 448, 983 A.2d 477 (2009)). "[W]e accept the hearing judge's findings of fact as prima facie correct unless shown to be clearly erroneous." *Attorney Grievance Comm'n v. Lara,* 418 Md. 355, 364, 14 A.3d 650 (2011) (citing *Attorney Grievance Comm'n v. Palmer,* 417 Md. 185, 205, 9 A.3d 37 (2010)). "If no exceptions are filed, [this] Court may treat the [hearing judge's] findings of fact as established for the purpose of determining appropriate sanctions, if any." Md. Rule 16–759(b)(2)(A); *see Lara,* 418 Md. at 364, 14 A.3d 650. We review *de novo* the hearing judge's conclusions of law. Md. Rule 16–759(b)(1); *Page,* 430 Md. at 626, 62 A.3d 163. "This is true even where default orders have been entered by the hearing judge." *Attorney Grievance Comm'n v. Tinsky,* 377 Md. 646, 653, 835 A.2d 542 (2003) (citing *Attorney Grievance Comm'n v. Harrington,* 367 Md. 36, 49, 785 A.2d 1260 (2001)).

## III. Discussion

Neither Respondent nor Bar Counsel filed exceptions to the hearing judge's findings of fact. We shall treat those findings as established for the purpose of determining the appropriate sanction. Likewise, neither party filed exceptions to the hearing judge's conclusions of law. Upon our *de novo* review of the record in this case, we agree with Judge Jaklitsch, for the reasons stated in her conclusions of law, that Respondent violated MLRPC 1.1, 1.3, 1.5(b), 1.16(d), 5.5(a) and (b), 8.1(b), and 8.4(a), (b), (c), and (d). *See Lara,* 418 Md. at 364, 14 A.3d 650; *Attorney Grievance Comm'n v. Logan,* 390 Md. 313, 319, 888 A.2d 359 (2005); *Tinsky,* 377 Md. at 653, 835 A.2d 542. All that remains, then, is to determine the appropriate sanction.

█ Respondent did not appear at oral argument, nor did he offer in writing a recommendation for sanction. Bar Counsel recommends disbarment in the present case for several reasons: [12] Respondent knowingly engaged in the unauthorized practice of law; he took steps to conceal his decertified status and was intentionally dishonest to his clients, members of his law firm, and the courts of this State regarding his ability to practice law; and he failed to participate in the disciplinary proceedings against him in any way, either in writing or in person, much less offer an explanation or mitigating factors.

█ The appropriate sanction for an attorney's professional misconduct is determined by the facts and circumstances of the case. *Attorney Grievance Comm'n v. Coppola*, 419 Md. 370, 404, 19 A.3d 431 (2011) (citing *Attorney Grievance Comm'n v. Bleecker*, 414 Md. 147, 176, 994 A.2d 928 (2010)). In making that determination, we bear in mind that the purpose of sanctions is not to punish the delinquent attorney, but "to protect the public and the public's confidence in the legal profession." *Attorney Grievance Comm'n v. Zimmerman*, 428 Md. 119, 144, 50 A.3d 1205 (2012); *see also Bleecker*, 414 Md. at 176, 994 A.2d 928. This objective is achieved "in two ways: through deterrence of the type of conduct which will not be tolerated, and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State." *Bleecker*, 414 Md. at 176, 994 A.2d 928 (internal quotation marks omitted).

Respondent behaved unprofessionally during his handling of Mr. Schafer's landlord-tenant matter. He demonstrated in-

---

**12.** Bar Counsel's recommendation for sanction was made pursuant to Maryland Rule 16–758(b), which provides, in relevant part: "Within 15 days after service of the notice required by section (a) of this Rule, each party may file ... recommendations concerning the appropriate disposition under Rule 16–759(c)." Maryland Rule 16–759(c) lists the dispositions that the Court of Appeals may order: "(1) disbarment, (2) suspension, (3) reprimand, (4) inactive status, (5) dismissal of the disciplinary or remedial action, or (6) a remand for further proceedings."

competence and lack of diligence; he attempted to defy the agreed-upon fee arrangement; he failed to return his client's property and unearned fees when the representation was terminated; he failed to respond to Mr. Schafer's Attorney Grievance Commission complaint; and he repeatedly ignored Bar Counsel's requests for a response. As Judge Jaklitsch concluded, this conduct violated MLRPC 1.1, 1.3, 1.16(d), 1.5(b), 8.1(b) and, consequently, 8.4(a). Similar violations have warranted disbarment by this Court in the past. *See, e.g.,* *Attorney Grievance Comm'n v. Park,* 427 Md. 180, 46 A.3d 1153 (2012) (disbarring respondent who violated MLRPC 1.1, 1.3, 1.4(a), 1.16(d), 8.1(b), and 8.4(d)); *Attorney Grievance Comm'n v. Nelson,* 425 Md. 344, 40 A.3d 1039 (2012) (disbarring respondent who violated MLRPC 1.4(a), 1.5(a), 1.15(c) and (d), 1.16(d), 8.1(b), and 8.4(a) and (d)). Respondent's misconduct, however, does not end there. He also violated MLRPC 5.5(a) and (b) and 8.4(b), (c), and (d) by knowingly engaging in the unauthorized practice of law and intentionally deceiving his clients, colleagues, and the court in the process.

■ "Candor and truthfulness are two of the most important moral character traits of a lawyer." *Attorney Grievance Comm'n v. Myers,* 333 Md. 440, 449, 635 A.2d 1315 (1994). For that reason, "[c]onduct involving fraud, dishonesty, or deceit will ordinarily result in disbarment absent compelling extenuating circumstances." *Attorney Grievance Comm'n v. Ross,* 428 Md. 50, 86, 50 A.3d 1166 (2012) (citing *Attorney Grievance Comm'n v. Keiner,* 421 Md. 492, 523, 27 A.3d 153 (2011)). *See also Page,* 430 Md. at 638, 62 A.3d 163 ("Intentional dishonest conduct, involving misrepresentations to the courts, can warrant disbarment.") (citing *Attorney Grievance Comm'n v. McClain,* 406 Md. 1, 19–21, 956 A.2d 135 (2008)); *Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 418, 773 A.2d 463 (2001) ("Disbarment ordinarily should be the sanction for intentional dishonest conduct.").

In this case, Respondent's conduct demonstrates a pattern of intentional dishonesty regarding his status as an attorney. Respondent was well-aware that he was unauthorized to prac-

tice law as a result of the decertification order, yet he continued to do so for a period of over one year, in flagrant disregard for the authority of this Court. Moreover, he took steps to conceal his decertified status from his clients, the public, his employer law firm, and the courts of this State. Respondent's unauthorized practice of law constitutes "deliberate and persistent misconduct" that violated MLRPC 5.5 "directly and without valid excuse or justification." *Attorney Grievance Comm'n v. Awuah,* 374 Md. 505, 525, 823 A.2d 651 (2003) (quoting *Attorney Grievance Comm'n v. Barneys,* 370 Md. 566, 591–92, 805 A.2d 1040 (2002)). Compare *Awuah,* 374 Md. at 525–26, 823 A.2d 651 (disbarring respondent who deliberately engaged in the unauthorized practice of law "without valid excuse or justification"), *and Logan,* 390 Md. at 319–320, 888 A.2d 359 (disbarring respondent who engaged in the unauthorized practice of law, abandoned representation of a client without returning the client's documents or withdrawing representation, and failed to respond to Bar Counsel's lawful demands for information), *with Attorney Grievance Comm'n v. Tanko,* 427 Md. 15, 55, 45 A.3d 281 (2012) (indefinitely suspending respondent, who, while engaging in the unauthorized practice of law, "did not act with the intent to deceive or with selfish motive").

Respondent's egregious behavior is exacerbated by his utter failure to respond to Bar Counsel's investigatory requests or participate in the proceedings against him. Respondent ignored no less than seven requests from Bar Counsel to provide a response to Mr. Schafer's initial complaint and he cancelled two scheduled interviews with an investigator for the Commission, all in violation of MLRPC 8.1(b). In sum, Respondent's conduct is fraught with dishonesty, deceit, and complete disregard for the disciplinary process. On the record of this proceeding, disbarment is the appropriate sanction.

For all these reasons, we entered the June 25, 2013, per curiam order disbarring Respondent and awarding costs against him.