*Attorney Grievance Commission of Maryland v. Steven Lee Shockett*, Miscellaneous Docket AG No. 19, September Term, 2015

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT** – Respondent Steven Lee Shockett violated the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") in his capacity as attorney for Thankamma Indukumar, Tony Alvarez, Jr., and David Leader. Shockett withdrew over $60,000 from Indukumar's trust account without authorization. When she directed Shockett to return the money, he failed to do so and stopped communicating with her entirely. In his representation of Tony Alvarez, Jr. and David Leader, Shockett accepted payment, failed to perform the legal services promised, and then ignored his clients' requests for updates. When the Attorney Grievance Commission investigated the matter, Shockett failed to respond to any of its requests for information. Respondent violated MLRPC 1.4(a)(1)–(3) and (b) (Communication); MLRPC 1.15(a) (Safekeeping Property); and MLRPC 8.4(a)–(d) (Misconduct). Taken together, Shockett's violations warrant disbarment.

Circuit Court for Baltimore City
Case No.: 24-C-15-002842 AG
Argued: September 1, 2016

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 19

September Term, 2015

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

STEVEN LEE SHOCKETT

Barbera, C.J.
Greene
Adkins
McDonald
Watts
Hotten
Getty,

JJ.

Opinion by Adkins, J.

Filed:    October 5, 2016

The Attorney Grievance Commission of Maryland ("AGC"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action ("Petition") against Respondent Steven Lee Shockett. Bar Counsel charged Shockett with violating the Maryland Lawyers' Rules of Professional Conduct ("MLRPC") in his capacity as attorney for Thankamma Indukumar, Tony Alvarez, Jr., and David Leader.[1] Specifically, Bar Counsel alleged that Shockett violated the following rules: (1) MLRPC 1.4(a)–(b) (Communication);[2] (2) MLRPC 1.15(a) (Safekeeping Property);[3] (3) MLRPC 8.1(b) (Bar Admission and Disciplinary Matters);[4] and (4) MLRPC 8.4(a)–(d) (Misconduct).[5] Pursuant to Maryland Rules 16-752(a)[6] and 16-757(c),[7] this Court designated the Honorable Melissa K. Copeland of the Circuit Court for Baltimore City ("the hearing judge") to conduct an evidentiary hearing and make findings of fact and conclusions of law. The hearing was held on March 4, 2016, and Shockett did not attend.

Following the March 4, 2016 hearing, the hearing judge issued Findings of Fact and Conclusions of Law, in which she found by clear and convincing evidence that Shockett

---

[1] Effective July 1, 2016, the MLRPC were renamed the Maryland Attorneys' Rules of Professional Conduct ("MARPC") and renumbered. Rules Order (June 6, 2016). The revised rules are now numbered as follows: MARPC 19-301.4 (Communication), MARPC 19-301.15 (Safekeeping Property), MARPC 19-308.1 (Bar Admission and Disciplinary Matters), MARPC 19-308.4 (Misconduct), MARPC 16-752 (Order designating judge), and MARPC 16-757 (Judicial hearing). We will refer to the MLRPC because the misconduct at issue occurred before this change.

[2] **Rule 1.4 Communication.**
    (a) A lawyer shall:
        (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter;

(3) promptly comply with reasonable requests for information; and

(4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

### [3] **Rule 1.15 Safekeeping Property.**

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 16, Chapter 600 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the lawyer and shall be preserved for a period of at least five years after the date the record was created.

### [4] **Rule 8.1 Bar Admission and Disciplinary Matters.**

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\* \* \*

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

violated MLRPC 1.4(a)(1)–(3) and (b), 1.15(a), and 8.4(a)–(d).  The hearing judge found

that Shockett did not violate MLRPC 8.1(b), and Bar Counsel did not take exception to this

finding.  Shockett neither filed Exceptions to the hearing judge's findings of fact or

---

[5] **Rule 8.4 Misconduct.**
It is professional misconduct for a lawyer to:
  (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
  (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
  (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
  (d) engage in conduct that is prejudicial to the administration of justice.

[6] **Rule 16-752 Order designating judge.**
  (a) **Order.** Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record.  The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing motions, and hearing.

[7] **Rule 16-757 Judicial hearing.**
  (c) **Findings and Conclusions.**  The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law.  If dictated to the record, the statement shall be promptly transcribed.  Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing.  The clerk shall mail a copy of the statement to each party.

conclusions of law, nor appeared before us for oral argument or submitted any written argument regarding sanctions to this Court.

For the reasons below, we agree that Shockett violated MLRPC 1.4(a)(1)–(3) and (b), 1.15(a), and 8.4(a)–(d).  We further conclude that the appropriate sanction is disbarment.

## THE HEARING JUDGE'S FINDINGS OF FACT

Shockett was admitted to the Maryland Bar in December 1985.  On March 14, 2014, he was decertified from the practice of law in Maryland because he failed to pay his annual assessment to the Client Protection Fund.  The AGC's investigation of Shockett was triggered by the complaints of Thankamma Indukumar, Tony Alvarez, Jr., and David Leader.  As to each complaint, the hearing judge made the following findings of fact by clear and convincing evidence:

### Complaint of Thankamma Indukumar

In 2012, Thankamma Indukumar retained Shockett to create a trust to benefit her grandchildren.  Shockett drafted an Irrevocable Trust Agreement ("the Agreement") naming himself as the trustee.  On November 23, 2012, Shockett and Indukumar signed the Agreement, and shortly thereafter Indukumar gave Shockett $50,000 to place into the trust.  Shockett placed the $50,000 into a trust account at Chapin Davis, an investment firm.

In February 2014, Shockett informed Indukumar and her husband, Pakkunilathu Indukumar, that the value of the trust had grown to $62,500.00, and asked them if he could withdraw the funds to purchase gold and notes.  The Indukumars directed Shockett to leave the funds in the trust and requested an account statement from Chapin Davis.  The statement

4

showed that as of December 31, 2013, the trust account had a balance of $102.57. The statement also showed that $85,164.07 had been withdrawn from the trust in 2013. From the time of Shockett's initial $50,000 deposit, the trust had earned $754.02 in interest and $13,316.99 due to changes in the value of securities. The hearing judge found that Shockett removed no less than $61,077.71 from the Indukumars' account without their authorization.[8]

After the Indukumars contacted Shockett about the missing funds, he initially agreed to return the money to the trust. Shockett, however, stopped responding to Thankamma's e-mails, and never returned any of the missing funds.[9] On June 26, 2014, Thankamma filed suit against Shockett in the Circuit Court for Baltimore City. On the same day, she filed a complaint against Shockett with the AGC through her attorney, John A. Hayden, III, Esq.

Bar Counsel mailed letters to Shockett on July 11, 2014, August 5, 2014, and August 22, 2014 informing him of Thankamma's complaint against him and requesting a response. Shockett did not respond to any of the letters.

### Complaint of Tony Alvarez, Jr.

In December 2013, Tony Alvarez retained Shockett to represent him in his divorce action and paid Shockett a $5,000 retainer. Shockett told Alvarez that he had drafted and

---

[8] The hearing judge did not specify how this calculation was made. Thankamma Indukumar reported the same figure to the AGC in her initial complaint against Shockett.

[9] The Court refers to Thankamma Indukumar by her first name for clarity. We do not mean to communicate any disrespect.

5

filed a Complaint for Absolute Divorce and served it on Alvarez's wife. Shockett also informed Alvarez that a hearing would likely be scheduled for April or May 2014. In fact, Shockett neither filed a complaint nor served one on Alvarez's wife. Alvarez has not heard from Shockett since February 2014. On May 1, 2014, Alvarez filed a complaint with the AGC.

Bar Counsel mailed letters to Shockett on May 6, 2014, July 15, 2014, and August 22, 2014 informing him of Alvarez's complaint and requesting a response. Shockett did not respond to any of the letters.

### Complaint of David Leader

David Leader retained Shockett in 2013 to represent him in Financial Industry Regulatory Authority ("FINRA") arbitration. Leader's previous attorney referred him to Shockett, and Leader then authorized the attorney to transfer his $2,500 retainer to Shockett. On or about December 30, 2013, Shockett sent Leader a copy of a proposed complaint, but Shockett never filed the complaint. Leader has not heard from Shockett since March 4, 2014. On April 17, 2014, Leader filed a complaint against Shockett with the AGC.

Bar Counsel mailed letters to Shockett on April 18, 2014, July 15, 2014, and August 21, 2014 informing him of Leader's complaint and requesting a response. Shockett failed to respond to any of the letters.

**THE HEARING JUDGE'S CONCLUSIONS OF LAW**

From these facts, the hearing judge concluded that through his representation of all three clients, Shockett violated MLRPC 1.4(a)(1)–(3) and (b), 1.15(a), and 8.4(a)–(d). The judge also concluded that Shockett did not violate MLRPC 8.1(b).

**MLRPC 1.4: Communication**

MLRPC 1.4 requires attorneys to maintain communication with their clients. The hearing judge found that Shockett violated this rule in his representation of each of his three complaining clients. As to the Indukumars, the hearing judge found that:

> [Shockett] violated MRPC 1.4(a)(1) by failing to promptly inform the Indukumars of his decision to withdraw funds from the trust account when the Rules required the Indukumars' informed consent. [Shockett] violated MRPC 1.4(a)(2), through his actions or inactions, by failing to keep the Indukumars reasonably informed of the status of the trust account. [Shockett] violated MRPC 1.4(a)(3) by failing to comply with reasonable request[s] for information from the Indukumars.

As to Shockett's representation of Alvarez, the hearing judge concluded:

> [Shockett] violated MRPC 1.4(a)(1) by failing to promptly inform Mr. Alvarez of his decision not to file a Complaint for Absolute Divorce when it was Mr. Alvarez's desire to have the Complaint filed. [Shockett] violated MRPC 1.4(a)(2) by failing to keep Mr. Alvarez reasonably informed about the status of his divorce case, namely that the Complaint was never filed. [Shockett] violated MRPC 1.4(a)(3) by failing to promptly comply with Mr. Alvarez's repeated attempts to contact [Shockett] for information regarding the status of his case. In fact, the information communicated to Mr. Alvarez that the Complaint had been filed was false[.]

Lastly, as to Leader, the hearing judge found:

7

> [Shockett] violated MRPC 1.4(a)(1) by failing to promptly inform Mr. Leader of his decision not to file the complaint with [FINRA]. [Shockett] violated MRPC 1.4(a)(2) by failing to keep Mr. Leader reasonably informed about the status of his [FINRA] action, specifically, that it was not filed. [Shockett] violated MRPC 1.4(a)(3) by failing to promptly comply with Mr. Leader's reasonable requests for information and ceasing all communication with Mr. Leader after March 4, 2014.

The hearing judge found that Shockett violated MLRPC 1.4(b) with regard to all three clients through his failure to communicate the status of their legal matters. In each case, Shockett failed to communicate the status of the legal matter "to the extent necessary to permit the client to make informed decisions regarding the representation," as required by MLRPC 1.4(b). Shockett failed to respond to requests for updates from all three clients and lied to Alvarez about the status of his divorce complaint. Furthermore, he failed to disclose to Leader that he had not filed his FINRA complaint and did not intend to do so, which prevented Leader from seeking alternate representation.

## MLRPC 1.15: Safekeeping Property

MLRPC 1.15 requires attorneys to keep client funds separate from personal funds. The hearing judge found by clear and convincing evidence that Shockett violated MLRPC 1.15(a) in his representation of Thankamma Indukumar. The hearing judge wrote, "[Shockett] violated MRPC 1.15(a) by failing to keep all of the funds in the trust account separate from his own property when he withdrew funds without authorization."

## MLRPC 8.4: Misconduct

MLRPC 8.4 defines professional misconduct for attorneys. The hearing judge found that Shockett violated MLRPC 8.4(a), (b), (c), and (d). Shockett violated MLRPC

8

8.4(a) by breaching other rules. Shockett breached MLRPC 8.4(b) by committing a criminal act that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer. The hearing judge explained, "An actual conviction is not required to establish that an attorney violated [MLRPC] 8.4(b), so long as the underlying conduct that constitutes the crime is proven by clear and convincing evidence." (quoting *Att'y Grievance Comm'n v. Gerace*, 433 Md. 632, 645 (2013)). The hearing judge found by clear and convincing evidence that Shockett violated Md. Code (1957, 2012 Repl. Vol.), § 7-104(b) of the Criminal Law Article[10] ("CR") by committing theft by deception in his representation of the Indukumars:

> [Shockett] deceived Mrs. Indukumar by advising her that he wanted to withdraw funds from their grandchildren's trust account to buy gold and notes. When the Indukumars disagreed with this and instructed him to put the money back in the trust, he failed to do so, and instead kept the money for his own personal and/or business use. [Shockett] knowingly used their funds, and therefore deprived the Indukumars of [their property].

[10] **§ 7-104 General Theft Provisions**

* * *

> (b) *Unauthorized control over property – By deception.* – A person may not obtain control over property by willfully or knowingly using deception, if the person:
>
> > (1) intends to deprive the owner of the property;
> > (2) willfully or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
> > (3) uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property.

9

In addition, the hearing judge concluded that Shockett violated MLRPC 8.4(c) in his representation of all three clients because he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in each matter. As to the Indukumar matter, "[Shockett] misrepresented to the Indukumars that he intended to use the funds in the trust to buy gold and notes, and then never put the money back in the account when they instructed him to do so." In his representation of Alvarez, Shockett accepted a $5,000 retainer but never initiated Alvarez's divorce action. Furthermore, he made a false statement to Alvarez when he told him that the complaint had been filed and served on his wife. As to Leader, Shockett agreed to represent him in FINRA arbitration, accepted a $2,500 payment, sent him a proposed complaint, and then allowed him to believe that his FINRA complaint had been filed. The hearing judge concluded, "By accepting clients' funds for a specific purpose and then failing to perform services for those clients, [Shockett] violated Rule 8.4(c) in the Indukumar, Alvarez, and Leader matters."

Lastly, Shockett violated MLRPC 8.4(d) by engaging in conduct that is prejudicial to the administration of justice. The hearing judge found:

> In all three matters, [Shockett] promised to perform a service, took their money, deceived his clients, and then disappeared. He led Mr. Alvarez and Mr. Leader to believe that their actions had been filed, then failed to respond to their requests for updates on their cases. He withdrew money from the trust that Mrs. Indukumar created for their grandchildren, then when instructed to put it back, he failed to do so. His conduct undeniably brings the legal profession into disrepute.

10

**MLRPC 8.1: Bar Admission and Disciplinary Matters**

MLRPC 8.1(b) requires attorneys to respond to requests for information from the AGC. Specifically, it makes it a violation of the MLRPC to "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." MLRPC 8.1(b). The hearing judge found that Shockett did not violate MLRPC 8.1(b) because Bar Counsel did not present evidence that Shockett *knowingly* failed to respond to AGC requests for information. The hearing judge explained:

> In the Petition and supporting Exhibits submitted by Assistant Bar Counsel, there is no question Assistant Bar Counsel sent several letters to [Shockett]. However, Petitioner did not provide this Court with information demonstrating that [Shockett] actually received these communications and knowingly failed to respond to them. In fact, there is absolutely no evidence that Assistant Bar Counsel was ever able to contact [Shockett] throughout the entire process at any of the addresses Assistant Bar Counsel sent the letters.

Accordingly, the hearing judge found that Shockett did not violate MLRPC 8.1(b).

**DISCUSSION**

"In attorney discipline proceedings, this Court has original and complete jurisdiction and conducts an independent review of the record." *Att'y Grievance Comm'n v. Page*, 430 Md. 602, 626 (2013) (citations omitted). Within this independent review, however, we accept the hearing judge's findings of fact unless they are determined to be clearly erroneous. *Id.* If the hearing judge's factual findings are founded on clear and convincing evidence, this Court will not disturb them. *Att'y Grievance Comm'n v. Ugwuonye*, 405

11

Md. 351, 368 (2008).  By contrast, this Court reviews the hearing judge's conclusions of law without deference.  *Id.*

## Exceptions

Both parties are permitted to file "(1) exceptions to the findings and conclusions of the hearing judge and (2) recommendations concerning the appropriate disposition . . . ." Md. Rule 16-758(b).  Bar Counsel excepts to the hearing judge's finding that only one aggravating factor applies in this matter.  The hearing judge found that the only aggravating factor in Shockett's case was his multiple violations of the MLRPC.  Bar Counsel directs the Court to consider the other aggravating factors listed in *Attorney Grievance Commission v. Landeo*, 446 Md. 294, 345 (2016).[11]  It urges this Court to find that the

[11] The following aggravating factors are to be considered in attorney discipline cases:

> (1) a prior attorney discipline;
> (2) a dishonest or selfish motive;
> (3) pattern of misconduct;
> (4) multiple violations of the MLRPC;
> (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court or the hearing judge;
> (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding;
> (7) a refusal to acknowledge the misconduct's wrongful nature;
> (8) the victim's vulnerability;
> (9) substantial experience in the practice of law;
> (10) indifference to making restitution or rectifying the misconduct's consequences;
> (11) illegal conduct, including that involving the use of controlled substances; and
> (12) likelihood of repetition of the misconduct.

*Att'y Grievance Comm'n v. Landeo*, 446 Md. 294, 345 (2016).

following factors apply to this matter: (2) a dishonest or selfish motive; (3) a pattern of misconduct; (7) a refusal to acknowledge the misconduct's wrongful nature; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; and (11) illegal conduct, including the use of controlled substances.

Bar Counsel asserts that Shockett exhibited factor (2), a selfish or dishonest motive, when he took money from the Indukumars and accepted fees from both Alvarez and Leader without performing the work requested or refunding the payments. Bar Counsel further argues that Shockett displayed factor (3), a pattern of misconduct, through his representation of the three complaining clients, and that Shockett's failure to return the Indukumars' money, failure to return unearned fees, and failure to communicate with or apologize to any of his clients shows factor (7), a refusal to acknowledge the misconduct's wrongful nature. Because Shockett has been barred in Maryland since 1985, Bar Counsel requests this Court to also find factor (9), substantial experience in the practice of law, to be an aggravating factor. Bar Counsel asserts that Shockett showed factor (10), indifference to making restitution or rectifying the misconduct's consequences, by failing to return the Indukumars' trust money and the fees Alvarez and Leader paid him. Lastly, Bar Counsel excepts to the hearing judge's failure to find factor (11), illegal conduct, as an aggravating factor due to Shockett's violation of CR § 7-104(b).

We find it unnecessary to rule on the Exceptions filed by Bar Counsel because the finding of any additional aggravating factors in this case will not change the sanction this Court finds appropriate.

13

## Conclusions of Law

We agree with the hearing judge's conclusion that Shockett violated MLRPC 1.4(a)(1)–(3) and (b); 1.15(a); and 8.4(a)–(d). Shockett's failure to promptly and reasonably communicate with any of his three complaining clients constitutes a violation of MLRPC 1.4(a)(1)–(3) and (b). When Shockett removed over $60,000 from the Indukumar trust fund without their informed consent, he violated MLRPC 1.15(a). Additionally, Shockett's theft from the Indukumar trust clearly constitutes a violation of MLRPC 8.4(b), (c), and (d). Lastly, when taken together, these violations result in a breach of MLRPC 8.4(a).

### Sanction for Violations of MLRPC 1.4(a)(1)–(3) and (b), 1.15(a), and 8.4(a)–(d)

This Court imposes sanctions on errant attorneys "to protect the public and the public's confidence in the legal profession rather than to punish the attorney" and "to deter other lawyers from violating the Rules of Professional Conduct." *Att'y Grievance Comm'n v. Taylor*, 405 Md. 697, 720 (2008). To accomplish this, the sanction should be "commensurate with the nature and the gravity of the misconduct and the intent with which it was committed." *Id.* (citation omitted). Thus, the style and severity of the sanction "depends upon the facts and circumstances of the cases." *Id.*

When determining the appropriate sanction, we must also consider any mitigating factors. *Att'y Grievance Comm'n v. Roberts*, 394 Md. 137, 165 (2006) ("The appropriate sanction depends on the facts and circumstances of each case, including any mitigating factors." (citation omitted)). Here, the hearing judge found no mitigating factors, and there is no reason to upset that finding. *See Att'y Grievance Comm'n v. West*, 378 Md. 395, 411

14

(2003) ("On review, we keep in mind that the findings of the trial judge are *prima facie* correct and will not be disturbed unless clearly erroneous." (citation omitted)).

Bar Counsel recommends that Shockett be disbarred. This Court has held, "Disbarment is warranted in cases involving flagrant neglect of client affairs, including the failure to communicate with clients or respond to inquiries from Bar Counsel." *Att'y Grievance Comm'n v. Thomas*, 440 Md. 523, 558 (2014) (citations omitted). Additionally, absent "compelling extenuating circumstances," disbarment is ordinarily the sanction for intentional dishonest conduct, including theft. *Att'y Grievance Comm'n v. Gracey*, 448 Md. 1, 27 (2016) (citing *Att'y Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 418 (2001)). In this case, Shockett has presented no "compelling extenuating circumstances" that warrant any lesser sanction.

Accordingly, we conclude that disbarment is the appropriate sanction. For this reason, we entered the September 6, 2016 per curiam order disbarring Steven Lee Shockett.