888 A.2d 359

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**William M. LOGAN.**

**Misc. Docket AG No. 13, Sept. Term, 2005.**

Court of Appeals of Maryland.

Dec. 22, 2005.

Raymond A. Hein, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel for Atty. Grievance Com'n), for petitioner.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a *Petition For Disciplinary Or Remedial Action* against William M. Logan, the respondent. The petition charged that the respondent violated Rules 1.3, Diligence,[2] 1.4,

---

1. Maryland Rule 16–751, as relevant, provides:
   "(a) *Commencement of disciplinary or remedial action.* (1) *Upon approval of the Commission.* Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. Rule 1.3 requires "[a] lawyer [to] act with reasonable diligence and promptness in representing a client."

Communication,[3] 1.16, Declining or terminating representation,[4] 5.5, Unauthorized practice of law,[5] 8.1, Bar admission and disciplinary matters,[6] and 8.4, Misconduct,[7] of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812.

We referred the case, pursuant to Rule 16–752(a),[8] to the Honorable Nelson W. Rupp, of the Circuit Court for Mont-

---

3. Rule 1.4 provides, as relevant:
   "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

4. Rule 1.16 provides, in pertinent part:
   "(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law."

5. Rule 5.5(a) provides:
   "A lawyer shall not:
   "(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction."

6. Rule 8.1 provides, as relevant:
   "An applicant for admission or reinstatement to the bar or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   \*      \*      \*      \*      \*      \*
   "(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

7. Rule 8.4, as relevant, provides:
   "It is professional misconduct for a lawyer to:
   "(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;
   \*      \*      \*      \*      \*      \*
   "(d) engage in conduct that is prejudicial to the administration of justice."
   \*      \*      \*      \*      \*      \*

8. Maryland Rule 16–752(a) provides:

gomery County, for hearing. When the respondent did not answer the petition, an order of default was entered against him. Following a hearing, at which, despite being notified as to the date and time, the respondent did not appear, the hearing court, pursuant to Rule 16–757(c),[9] found facts by the clear and convincing standard, as follows:

"William Malcom Logan, Jr. (hereinafter 'the Respondent') was admitted to the Bar of Maryland on December 24, 2002. The only address he has provided to the Client Protection Fund of the Bar of Maryland is 1004 Hopewell Avenue, Takoma Park, Maryland 20912."

"On or about June 30, 2003, the Respondent replied via email to a newspaper advertisement placed by Geoffrey L. Tibbetts, also known as Jeffrey L. Tibbetts, in The Washington Post. Mr. Tibbetts' ad sought the services of an experienced litigator to represent Mr. Tibbetts in civil litigation. As an attachment to his email reply, the Respondent included a cover letter dated July 01, 2003. The Respondent represented in his cover letter that he had '25 years experience as a Senior Trial Attorney with the Department of Justice supervising the litigation of very large and complex civil and criminal cases before 38 different Federal judges.' He further represented that he had taken more than 45 cases to trial before retiring.

---

"(a) *Order.* Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

9. Maryland Rule 16–757(c) provides:
"(c) *Findings and conclusions.* The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

The Respondent submitted an attached resume listing his Career Highlights, Professional Experience and Education."

"On the basis of the Respondent's reply, Mr. Tibbetts initiated further communications which led to an agreement for the Respondent to represent Mr. Tibbetts in several pending matters. On July 6, 2003, the Respondent forwarded a proposed Representation Agreement to Mr. Tibbetts. Following additional communications, the Respondent and Mr. Tibbetts finalized a Representation Agreement, which was executed by both parties on August 11, 2003. The Representation Agreement listed six civil actions already in litigation in which the Respondent agreed to represent Mr. Tibbetts 'through judgment.' Of those six, three were pending in the United States District Court for the District of Connecticut. The other three listed litigation matters included one case in each of the following courts:

(a) Arlington County (Va.) Circuit Court;

(b) Fairfax County (Va.) Circuit Court;

(c) United States District Court for the Northern District of Virginia.

"In a letter dated July 25, 2003, addressed to the Honorable Christopher F. Droney, U.S. District Judge for the District of Connecticut, the Respondent wrote that he was 'writing to enter an appearance on behalf of the Plaintiff in this matter, Jeffrey L. Tibbetts,' in the case of *Tibbetts v. President and Fellows of Yale College,* Case No. 301CV01763, 2005 WL 162382. On August 13, 2003, the Respondent filed a Line of Appearance with the Clerk of the U.S. District Court for the District of Connecticut, accompanied by a 'Motion for Leave to Appear Pro Haec Vice.' The Respondent was not admitted to practice before the U.S. District Court for the District of Connecticut and did not have a member of that Court's Bar sponsor his appearance at the time he attempted to enter his appearance as Mr. Tibbetts' lawyer in Case No. 301CV01763."

"The Respondent was not a member of the Virginia State Bar at the time he agreed to represent Mr. Tibbetts in two pending cases in Virginia state courts. The Respondent also

was not admitted to practice before the U.S. District Court for the Northern District of Virginia."

"On or about August 22, 2003, Mr. Tibbetts and the Respondent discussed a legal malpractice action (not listed on the Representation Agreement) that Mr. Tibbetts had filed in the U.S. District Court for the District of Columbia against a lawyer named Rodney Sweetland. The Sweetland lawsuit had been dismissed by the U.S. District Court, but Mr. Tibbetts had noted an appeal to the U.S. Court of Appeals for the District of Columbia Circuit. The Respondent agreed to represent Mr. Tibbetts in the appeal of the Sweetland case. On August 27, 2003, the Respondent filed a motion titled 'Motion for Extension of Time for Pro Se Appellant's Counsel to be Admitted and to File the Brief' with the Clerk of the U.S. Court of Appeals for the District of Columbia Circuit. In that motion, the Respondent represented that on August 26, 2003, he 'agreed to represent the Appellant [Tibbetts] on a contingency-fee basis.' "

"Over a period of approximately ten days after the Respondent filed the aforementioned motion in connection with the appeal of the Sweetland case, the Respondent and Mr. Tibbetts exchanged a series of electronic mail communications which became increasingly contentious. In an email sent on September 5, 2003, the Respondent advised Mr. Tibbetts he was terminating their attorney-client relationship. Mr. Tibbetts has not heard from the Respondent since receiving his final email on September 5, 2003. Since terminating the representation, the Respondent has not returned original documents belonging to Mr. Tibbetts. The Respondent did not file any papers seeking to withdraw as counsel in the two federal court matters in which he had filed motions indicating his representation of Mr. Tibbetts."

"Following receipt of Mr. Tibbetts' complaint against the Respondent in April 2004, the office of Bar Counsel sought a response from the Respondent on three occasions by sending letters to the mailing address of record provided by the Respondent to the Client Protection Fund of the Bar of

Maryland. Bar Counsel's letters were sent on April 20, 2004, May 12, 2004 and June 16, 2004. The Respondent signed for the May 12, 2004 letter, which was sent by certified mail. The Respondent did not respond at all to any of Bar Counsel's letters."

On the basis of the foregoing findings of fact, the hearing court concluded that the respondent engaged in the professional misconduct, as charged by the petitioner and that each of the charged Rule violations was established by his acts and omissions.

Neither the petitioner nor the respondent took exceptions to the hearing court's findings of fact or conclusions. Indeed, the respondent, though notified of the proceedings in this Court, did not file any pleadings or appear at oral argument. Consequently, for purposes of sanction, we treat the findings of fact as established. Rule 16–759(b)(2)(A).[10] Moreover, upon our *de novo* review of the hearing court's conclusions of law, Rule 16–759(b)(1),[11] we are satisfied that they follow from, and are supported by, the court's factual findings, which, again, have been established.

That leaves for resolution the appropriate sanction. The petitioner recommends disbarment, submitting that, under the circumstances, it is the only viable sanction. In its *Petitioner's Recommendation For Sanction*, the petitioner emphasizes the respondent's failure to respond to Bar Counsel's lawful demands for information, his failure to participate in the disciplinary process, having failed to answer the formal charges or to appear during the proceedings. Also of concern to the petitioner is the respondent's failure, although an apparently experienced litigator, to have complied with the

---

**10.** Maryland Rule 16–759(b)(2)(A) provides:

"(A) If No Exceptions Are Filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any."

**11.** Maryland Rule 16–759(b)(1) provides:

"(1) *Conclusions of Law.* The Court of Appeals shall review de novo the circuit court judge's conclusions of law."

rules of the various courts in which he entered an appearance, or to have made more than cursory efforts to do so. The final reason underlying the petitioner's disbarment recommendation is its belief, unrebutted by the evidence or any inferences to be drawn therefrom, that "[s]hortly after filing a motion with the U.S. Court of Appeals for the District of Columbia Circuit in the Sweetland case, the Respondent abandoned his representation of Mr. Tibbetts and refused to engage in further communications with the client after terminating his representation via electronic mail." In summary, the petitioner concludes, citing *Attorney Griev. Comm'n v. Velasquez,* 380 Md. 651, 846 A.2d 422 (2004) for the proposition that disbarment is the proper sanction when, among other misconduct, an attorney abandons his or her client and engages in the unauthorized practice of law:

> "For reasons unknown, the Respondent has chosen to ignore this Court's disciplinary authority over him, initially by not answering Bar Counsel's attempts to obtain a response to the Tibbetts complaint and thereafter by failing to file an answer in this proceeding. The Respondent has not otherwise attempted to present any explanatory information in response to the charges. Having offered no justification for a less severe sanction, the Respondent should be disbarred."

We agree. Here, the fact of the misconduct meriting the ultimate sanction has been established and there has been no showing, or even an attempt at showing, that the misconduct is mitigated. The respondent is ordered disbarred.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST WILLIAM M. LOGAN.